UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BOWMAN,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>                Defendant. | No. EDCV 10-146 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

      Plaintiff Kevin Bowman ("Bowman") filed a Complaint on February 10, 2010. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before the magistrate judge on March 3 and 5, 2010. (Dkt. Nos. 8, 9.) On October 18, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///
///

# I.

# **PROCEDURAL BACKGROUND**

On June 14, 2006, Bowman filed an application for supplemental security income. Administrative Record ("AR") 9. He alleged a disability onset date of July 1, 2005. *Id.* The application was denied initially and upon reconsideration. *Id.* Bowman requested a hearing before an Administrative Law Judge ("ALJ"). AR 44. On April 7, 2008, an ALJ conducted a hearing at which Bowman and his mother testified. AR 17-28. On May 9, 2008, the ALJ issued a decision denying benefits. AR 9-16. On June 3, 2008, Bowman requested that the Appeals Council review the decision denying benefits. AR 5. On December 17, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Bowman has severe impairments in the musculoskeletal system. AR 11. He has the residual functional capacity ("RFC") to perform light work, except he "is limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs." *Id.* He is "precluded from climbing ladders, ropes, and scaffolds." *Id.* The ALJ found that Bowman is not able to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform, such as collator operator, housekeeping cleaner, and photocopy machine operator. AR 15-16.

## C. Mental Impairment

Bowman contends the ALJ failed to rate his mental impairment. JS 3-4. When the ALJ has found a "medically determinable mental impairment" (20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1)), the ALJ must rate the degree of functional limitation in four broad functional areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(b)(2), (c)(3); 416.920a(b)(2), (c)(3).

The file contains no medical records that support a diagnosis of, or treatment for, a mental impairment. Because there was no medical evidence that Bowman had a medically determinable mental impairment, the ALJ had no duty to rate Bowman's

alleged mental impairment.  *See* 20 C.F.R. § 416.920a(b)(1) (regulations applicable "[i]f we determine that you have a medically determinable mental impairment(s)").

Bowman argues "depression is common to those individuals suffering from chronic pain" and this fact constitutes sufficient evidence of "'a colorable claim of a mental impairment.'"  JS 4.  A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508; 20 C.F.R. § 416.908; 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). "'[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone.'" *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citation omitted).  Bowman has not been diagnosed with depression by any medical source.  Counsel's argument that depression is common among those who experience pain does not establish a colorable claim of mental impairment.[1]  The ALJ was not obligated to rate a mental impairment under the regulations and did not err.

**D.     Development of the Record**

Bowman contends that the ALJ erred by not fully developing the record regarding his mental limitations.  JS 6-8.  Specifically, Bowman argues the ALJ should have ordered a consultative examination to make "a fair and informed decision regarding the nature and extent of [his] mental limitations."  AR 8.

It is the claimant's duty to prove he or she is disabled.  *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *see* 42 U.S.C. § 423(d)(5)(A) (claimant must furnish medical and other evidence of his disability); 20 C.F.R. § 404.1512(c) ("You must

---

[1] By contrast, in the Ninth Circuit's recent decision in *Keyser v. Comm'r of Soc. Sec. Admin.*, __ F.3d__, 2011 U.S. App. LEXIS 10932 (9th Cir. June 1, 2011), treating physicians diagnosed bipolar disorder, and paranoid and schizotypal personality traits. *Id.* *11.  The cases Bowman cites also involved diagnoses of mental impairments. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296, 1299 (9th Cir. 1999); *Mersman v. Halter*, 161 F. Supp. 2d 1078, 1086-87 (N.D. Cal. 2001).

provide medical evidence showing that you have impairment(s) and how severe it is during the time you say you are disabled.").

"The ALJ . . . has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and quotation marks omitted). The duty is heightened when the claimant is unrepresented or is mentally ill and thus unable to protect her own interests. *Id.* "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459-60. This principle does not, however, allow a claimant to shift his own burden of proving disability to the ALJ. *Id.* at 459.

Here, the ALJ's duty to develop the record further was not triggered. The ALJ did not find that the record was ambiguous or inadequate. Nor did any physician render an opinion that the record was ambiguous or inadequate. *See Tonapetyan*, 242 F.3d at 1150 (duty to develop record existed when ALJ relied on physician who expressed that more medical evidence was needed to state a diagnostic opinion). No physician diagnosed a mental impairment.[2] As the ALJ noted, none of the treating records mention any complaints about depression from Bowman. AR 14, 131-55. At the hearing, Bowman "did not evidence any problems with concentration or memory, and was able to recite in an organized manner specific details of his medical and work history." AR 14, 20-21. Likewise, the ALJ was not required to obtain a consultative

---

[2] Bowman's reliance on *Regennitter* and *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996) is misplaced. Bowman argues it is improper to criticize a claimant with mental health complaints for failure to seek treatment because of the nature of mental illness. JS 7. In *Regennitter* and *Nguyen*, however, the claimants were diagnosed with a medically determinable mental impairment. *Regennitter*, 166 F.3d at 1299 (claimant diagnosed with major depression, panic disorder, post-traumatic stress disorder and nightmare disorder); *Nguyen*, 100 F.3d at 1464 (claimant had severe depressive disorder). Moreover, Bowman did not claim he failed to seek treatment because he could not afford it.

examination. A consultative examination may be ordered when the evidence as a whole is insufficient to support a decision on a claim. 20 C.F.R. § 416.919a(b). Here, the ALJ did not find the record insufficient. Rather, based on the lack of objective evidence and treatment, the ALJ found the record sufficient to deny a finding of a medically determinable mental health impairment. AR 11, 14. The ALJ did not err.

### E. Medical Equivalency

Bowman argues the ALJ erred in determining that his combined medical impairments do not equal Listing 1.04A. At step three, the claimant bears the burden of demonstrating that his or her impairments are equivalent to one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(4)(iii), 416.920(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (citation omitted). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is *not* listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526, emphasis in original). "'Medical equivalence must

6

be based on medical findings.' A generalized assertion of functional problems is not enough to establish disability at step three." *Id.* at 1100 (quoting 20 C.F.R. § 404.1526).

Bowman argues the ALJ "provided an inadequate evaluation" of Bowman's combined medical impairments in determining that the combination of impairments did not equal Listing 1.04A. JS 13. The ALJ reviewed the medical evidence and cited the opinions of the consultative examiner and state agency physicians. AR 12-14.

Listing 1.04A requires a spine disorder resulting in compromise of a nerve root or spinal cord accompanied by (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) with sensory or reflex loss; and (4) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. Pt. 404, Subpt. P, App. 1., § 1.04A.

The treating records do not establish motor loss with sensory or reflex loss. The ALJ noted that examinations in June 2006 and September 2006 revealed positive straight leg raising with normal motor strength and sensation. AR 12. He noted that gait was normal and Bowman was able to heel and toe walk. *Id.* The ALJ also noted that an examination in March 2007 revealed negative straight leg raising, full range of motion, intact sensation, and no evidence of atrophy. *Id.* Bowman does not cite any evidence of motor loss with sensory or reflex loss. *See Sullivan*, 493 U.S. at 530.

"It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir.1990). In *Gonzalez*, the Ninth Circuit found that the ALJ's summary of the medical evidence and the claimant's testimony was sufficient, even though the ALJ did not state what evidence supported the conclusion that the impairments did not meet or equal a listing. *Id.* at 1200-01. "To require the ALJ's to improve their literary skills in this instance would unduly burden the social security disability process." *Id.* at 1201; *see also Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir.2001) (ALJ need not discuss and evaluate evidence that supports his or her

conclusion under a specific heading). In addition, Bowman does not present any evidence that he argued to the ALJ that the combination of his impairments met Listing 1.04A. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."). The ALJ did not err, and any error was harmless.

### F. Vocational Expert

Bowman argues the ALJ was required to call a vocational expert at step five of the sequential analysis because he has nonexertional limitations not contemplated by the grids.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2," (the "Grids"). *Id.* "Where a claimant suffers only exertional limitations, the ALJ must consult the [G]rids. Where a claimant suffers only non-exertional limitations, the [G]rids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the [G]rids first." *Id.* at 1115. The Grids are inapplicable when "a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional

limitations."[3] *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation and internal quotation marks omitted). "Nonexertional impairments may or may not significantly narrow the range of work a person can do." Social Security Ruling ("SSR") 83-14.[4] The ALJ may rely on the Grids alone "only when the [G]rids accurately and completely describe the claimant's abilities and limitations." *Tackett*, 180 F.3d at 1102 (citations omitted); *see also*, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200(e). The testimony of a vocational expert is required where nonexertional limitations significantly limit the range of work a claimant can perform. *Tackett*, 180 F.3d at 1102.

The ALJ found Bowman has exertional and non-exertional limitations. AR 11. The ALJ found that Bowman has the RFC to perform light work except that he is limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs. *Id.* Bowman is precluded from climbing ladders, ropes, and scaffolds. *Id.*

At step five, the ALJ concluded that Bowman's nonexertional impairments did not significantly narrow the range of work he could do. AR 16. The ALJ noted that had Bowman been able to perform the full range of light work, the Grids would direct a finding of "not disabled" based on Medical-Vocational Rule 202.21. *Id.* Because Bowman had nonexertional limitations as well, the ALJ used the Grids as a framework and determined that Bowman did not suffer from significant nonexertional impairments that were not contemplated by the Grids. *Id.* Relying on SSR 83-14,[5] the ALJ noted that

---

[3] Nonexertional limitations include "postural and manipulative limitations such as difficulty reaching, handling, stooping, climbing, crawling, or crouching." *Lounsburry*, 468 F.3d at 1115; *see also* 20 C.F.R. § 404.1569a(c)(vi).

[4] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[5] SSR 83-14 includes examples of nonexertional limitations and provides guidance on their effects on an individual's occupational job base. The ruling "explains how to evaluate the vocational effects of nonexertional impairments within the context of the

occasional bending and stooping would not erode the light job base. AR 16; SSR 83-14. He also noted that crouching would not be required in substantially all of the light jobs. AR 16; SSR 83-14. In addition, the inability to climb scaffolding, poles and ropes, and the inability to crawl "have very little or no effect on the unskilled light occupational base." SSR 83-14; AR 16.

The ALJ relied on information from a vocational analyst. AR 16, 82-84. The vocational analyst found Bowman is capable of performing light unskilled work as a collator operator, cleaner/housekeeper, and photocopy machine operator. AR 84. The physical demands specifically contemplate Bowman's nonexertional limitations in the areas of balancing, stooping, kneeling, crouching, crawling, and climbing. *Id.* For the collator operator and photocopy machine operator jobs, balancing, stooping, kneeling, crouching, crawling, and climbing are not required. *Id.* For the cleaner/housekeeper job, climbing, balancing and crawling are not physical demands, and stooping, kneeling, and crouching are occasionally present physical demands. *Id.* The ALJ further noted that the vocational advisor's findings are consistent with the DOT. AR 16. The physical demands of the jobs identified by the vocational analyst are consistent with Bowman's RFC. AR 11. The ALJ did not err.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 2, 2011

                                  ALICIA G. ROSENBERG
                                  United States Magistrate Judge

---

exertionally based table rules where claimants or beneficiaries also have severe exertional impairments that limit them to sedentary, light, or medium work." SSR 83-14.